NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————
:
AUGUSTIN GARCIA,                          :
                                          :
            Plaintiff,                    :      Civ. No. 05-3159 (AET)
                                          :
      v.                                  :      **MEMORANDUM & ORDER**
                                          :
NEW JERSEY STATE PRISON, et al.,          :
                                          :
            Defendants.                   :
———————————————————:

THOMPSON, U.S.D.J.

I.     Introduction

       This matter comes before the Court upon Defendants Roy Hendricks and Michelle

Ricci's Motion to Dismiss or in the alternative for Summary Judgment.  The Court has

considered the parties' submissions without oral argument pursuant to Fed. R. Civ. P. 78.  For

the reasons stated below, the Court will grant Defendants' Motion to Dismiss and deny their

Motion for Summary Judgment as moot.

II.    Background

       Plaintiff Augustin Garcia, an inmate at New Jersey State Prison ("NJSP"), has asserted

civil rights claims under 42 U.S.C. § 1983 against several Defendants arising from his stay at

NJSP.  Plaintiff's initial complaint asserted claims against medical personal for inadequately

treating him, and failing to diagnose several ailments.  On December 20, 2006, Plaintiff amended

his complaint, adding Hendricks, the former Administrator of the New Jersey Department of

Corrections ("NJDOC") and Ricci, the current Associate Administrator of NJDOC as Defendants.[1]  Plaintiff claims that Hendricks consented to "an official policy of retaliatory actions, including deliberate indifference to [P]laintiff's medical needs, aimed at depriving Plaintiff of his Due Process Rights . . . ."  (Am. Compl. 10.)  Hendricks allegedy implemented this policy "commencing with service of summon [sic] and complaint and extending through present . . . " (Id.)  Plaintiff alleges Ricci consented to "an official policy of retaliatory actions aimed at depriving Plaintiff of his Due Process Rights. . . commencing with service of [the] summon [sic] and complaint . . . ."  (Id.)

The Court construes pro se Plaintiff's amended complaint to claim: (1) Hendricks committed deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment, beginning on or about July 7, 2005[2]; and (2) Hendricks and Ricci committed retaliation against the exercise of Plaintiff's First Amendment rights, beginning on or about July 7, 2005.  On May 16, 2007, Hendricks and Ricci moved to dismiss, or in the alternative moved for summary judgment.

---

[1]It appears that Plaintiff was granted an opportunity to amend his complaint twice, but submitted only one amended complaint.  Therefore, although Plaintiff labeled the December 20, 2006 filing as his "Second Amended Complaint" the Court refers to it herein as the "amended complaint."

[2]Although Plaintiff alleges that Hendricks and Ricci's retaliation commenced with "service of [the] summon [sic] and complaint," this service was never effectuated.  (See Docket Entry [5] (informing that the U.S. Marshals were unable to locate and serve process upon the initial defendants).)  Thus, the Court interprets Plaintiff to assert his claims against Hendricks and Ricci upon the filing of the complaint.  (Am. Compl. 21 (stating the retaliation "result[ed] out of the filing of the above captioned civil right [sic] case . . ."));  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal quotation marks omitted).

III.    Discussion

At the motion to dismiss stage, the Court "must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  "Because 'there are no special pleading rules for prisoner civil rights cases,' a complaint should not be dismissed if it specifies 'the bare minimum facts necessary to put the Defendant on notice of the claim so that he can file an answer.'" Perry v. Oltmans, 106 Fed. Appx. 476, 479 (7th Cir. 2004) (quoting Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002)).

A.    Claims Against Hendricks

The claims asserted against Hendricks must be dismissed because he was not employed at NJDOC during the time that Plaintiff alleges Hendricks harmed him.  (See Smith Decl. ¶ 3 (stating Hendricks was employed at NJSP until July 2004).)  Plaintiff alleges Hendricks's policy of retaliation "commenc[ed] with service of [the] summon [sic] and complaint."  As Plaintiff filed his complaint on July 2005, over a year after Hendricks's departure, it is chronologically impossible for Hendricks to have committed the alleged acts.  Although a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff" Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003), the Court need not accept as true allegations that contradict matters properly subject to judicial notice or exhibit.  See, e.g., Sprewell v. Golden State Warriors 266 F.3d 979, 988 (9th Cir. 2001) (citing Mullis v. United States Bankr.Ct., 828 F.2d 1385, 1388 (9th Cir.1987)).  As Plaintiff can prove no facts to succeed in his claim against Hendricks, these claims are dismissed.

B.    Claims Against Ricci for Retaliation

Plaintiff claims that Ricci consented to an official policy of retaliation comprising (1) moving Plaintiff from his cell to the "noisiest area of the entire unit" exacerbating his diagnosed auditory problem; (2) moving Plaintiff to a cell that had a noxious gas leak; (3) searching Plaintiff's cell and losing his legal files pertaining to this case and others; (4) denying Plaintiff necessary medication; and (5) denying him access to the law library.[3]

To assert a retaliation claim under § 1983, a plaintiff must allege (1) that he engaged in a protected activity under the First Amendment; (2) that the defendant's retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights; and (3) that there was a causal connection between the protected activity and the retaliatory action. See, e.g. Lauren W. ex rel. Jean W. v. Deflaminis, 480 F.3d 259, 267 (3d Cir. 2007). Ricci advances several arguments as to why Plaintiff's retaliation claims should be dismissed. Because the Court finds that Plaintiff's claim must be dismissed because Plaintiff has failed to allege causation, the Court will limit its discussion to that issue.

For Plaintiff to plead causation, he must allege that his protected activity, here the filing his lawsuit, caused the Ricci's retaliatory acts. Although Plaintiff stated that the policy of retaliation commenced with the service of the complaint, the first alleged retaliatory act occurred on February 7, 2006, when he was transferred to a noisy cell. This was roughly seven months after Plaintiff filed his complaint and is too great a delay between events to support an inference

---

[3] Due to the leniency afforded a pro se Plaintiff, the Court has incorporated Plaintiff's allegations within his brief that were not within the amended complaint. See, e.g., Casilla v. New Jersey State Prison, 2006 WL 2534416, at *1 (D.N.J. 2006) (liberally construing a pro se's allegations, and considering facts alleged in brief notwithstanding their omission in the complaint).

of causality.  See, e.g., Miller v. Brown, 07-2020, 2007 WL 1876506, at *8 (D.N.J.  June 27

2007) (stating "[t]emporal proximity may satisfy . . . the causation element [of a retaliation

claim], only when 'the timing of the alleged retaliatory action [is] 'unusually suggestive' of

retaliatory motive") (citing Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir.1997)).

Further, Plaintiff does not allege that Ricci knew that Plaintiff filed the complaint, and it does not

appear that Ricci could have known, as the U.S. Marshals were unable to serve the complaint

based upon the addresses Plaintiff provided.  (See Docket Entry [5] (informing that the U.S.

Marshals were unable to locate and serve process upon the initial defendants)); see, e.g., Harris v.

Keane, 962 F. Supp. 397, 405 (S.D.N.Y. 1997) (dismissing as a matter of law a prisoner's claim

of retaliation where "Plaintiff has . . . failed to allege, whether the particular Defendants even

knew about Plaintiff's grievances . . . .").  Lastly, Plaintiff's theory of retaliation appears

misguided, as it is unclear why Ricci would retaliate against Plaintiff for filing suit against

doctors who are not affiliated with Ricci or NJDOC but are employees of Correctional Medical

Services.  Rauso v. Vaughn, 96-6977, 2000 WL 873285, at *15 (E.D. Pa. June 26, 2000) (finding

no retaliation where the plaintiff failed to allege that defendant was aware of the protected

activity or why such activity would have caused defendant to retaliate against him).  As such, the

Court dismisses Plaintiff's retaliation claim against Ricci.

     III.    Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 4th day of September, 2007,

ORDERED that Defendants Hendricks and Ricci's Motion to Dismiss [45] is

GRANTED; and it is further

ORDERED that claims against Defendant Hendricks and Ricci are DISMISSED, and it is further

ORDERED that Defendant Hendricks and Ricci are dismissed as a Defendants to this action; and it is further

ORDERED that Defendants Hendricks and Ricci's Motion for Summary Judgment [45] is DENIED as moot.

s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.
